United States District Court
Southern District of Texas
**ENTERED**
June 01, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JULIA AGIM, ET AL., | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:19-02631 |
| SELENE FINANCE, L.P., ET AL., | § § § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before me is Defendants' Motion for Summary Judgment and Motion for Judgment on the Pleadings ("Motion for Summary Judgment"). *See* Dkt. 19. After reviewing the motion, pleadings on file, and applicable law, I recommend that the Motion for Summary Judgment be **GRANTED**.

### BACKGROUND

In 2007, Plaintiffs Emeka Agim and Julia Agim purchased a home at 16203 Dryberry Court, Houston, Texas 77083 (the "Property"). In connection with that purchase, Emeka Agim executed a $140,000 Texas Home Equity Note (the "Note") in favor of the original lender, Countrywide Bank, FSB ("Countrywide"), and its assigns. The indebtedness was secured by a Home Equity Security Instrument (the "Deed of Trust") executed by Plaintiffs. On May 14, 2015, Emeka Agim executed a Loan Modification Agreement, which set forth a schedule of monthly principal and interest payments to be made through June of 2037.

Selene Finance, L.P. ("Selene Finance") is the current duly authorized mortgage servicer for the loan at issue in this case. Wilmington Savings Fund Society, FSB, Doing Business as Christiana Trust, as Trustee for BCAT 2015-14BTT ("Trustee"), is the current owner and holder of the Note. The Deed of Trust has also been assigned to Trustee.

Emeka Agim defaulted on his payment obligations under the Note by failing to make the December 1, 2018 mortgage payment. Emeka Agim has also failed to make all subsequent mortgage payments as required. In accordance with the terms of the Note, the entire unpaid principal balance and interest on the Note becomes payable and immediately due at the lender's option on default. On January 16, 2019, Selene Finance sent Emeka Agim a Notice of Default and Intent to Accelerate. The payment obligations were accelerated by both the May 2019 filing of an Application For An Expedited Order Under Rule 736 in state court in Fort Bend County and, more recently, the filing of Trustee's counterclaim in this action. As of May 15, 2020, the outstanding debt stood at $168,287.72, with interest accruing at a rate of $10.24 per day.

This lawsuit was originally filed in state court in Fort Bend County and then removed to federal court on the basis of diversity jurisdiction. Plaintiffs assert claims for breach of contract and an accounting. According to the original lawsuit filed in state court, Defendants breached their contractual duties in the Deed of Trust by "abruptly increasing Plaintiffs' mortgage payment without any valid reason, failing to provide a breakdown of the payments and any outstanding [amounts] on the loan upon request, providing no notice to the Plaintiffs of default or acceleration and opportunity to cure any default, and seeking to auction Plaintiffs' property without any adequate notice as required by the contract."

Dkt. 1-4 at 7. Trustee filed counterclaims seeking an order authorizing foreclosure and a declaration of its right to conduct a non-judicial foreclosure sale.

Trustee and Selene Finance have filed a Motion for Summary Judgment. In that motion, Trustee and Selene Finance ask me to dismiss Plaintiffs' claims for affirmative relief and rule, as a matter of law, that Trustee shall prevail on its counterclaims seeking a judgment authorizing foreclosure. Plaintiffs, acting *pro se*, have not filed a response to the Motion for Summary Judgment.

## SUMMARY JUDGMENT STANDARD

"Summary judgment is required when the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Trent v. Wade*, 776 F.3d 368, 376 (5th Cir. 2015) (internal quotation marks and citation omitted). A dispute of material fact is "genuine" if the evidence would allow a reasonable jury to find in favor of the non-movant. *Rodriguez v. Webb Hosp. Corp.*, 234 F. Supp. 3d 834, 837 (S.D. Tex. 2017). To defeat a motion for summary judgment, the non-movant must "present competent summary judgment evidence to support the essential elements of [his] claim." *Cephus v. Tex. Health & Human Servs. Comm'n*, 146 F. Supp. 3d 818, 826 (S.D. Tex. 2015). The non-movant's burden "will not be satisfied by some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Haider-Rizvi v. Harris Cty. Toll Auth.*, 243 F. Supp. 3d 811, 816–17 (S.D. Tex. 2017) (internal quotation marks and citation omitted). Rather, he "must identify specific evidence in the record and articulate how that evidence supports [his] claim." *Brooks v. Hous. Indep. Sch. Dist.*, 86 F. Supp. 3d 577, 584 (S.D. Tex. 2015).

"In the context of a summary judgment, a *pro se* plaintiff's failure to file a timely response, by itself, alone will not support a default judgment; the movant must still show there is no genuine issue of material fact and that it is entitled to summary judgment as a matter of law." *Morgan v. Federal Exp. Corp.*, 114 F. Supp. 3d 434, 437 (S.D. Tex. 2015).

## ANALYSIS

**A.  PLAINTIFFS' BREACH OF CONTRACT CLAIM**

Plaintiffs' lawsuit casually asserts that Defendants breached unspecified provisions of the Deed of Trust. The summary judgment evidence before me, however, establishes that it was Emeka Agim, not Defendants, who breached the contractual agreements at issue. By failing to timely make his mortgage payments, starting in December 2018 and continuing through the present day, Emeka Agim is in clear default of the Note. In accordance with Texas law, Defendants provided a Notice of Default and Intent to Accelerate to Emeka Agim, informing him of the amount required to cure the default. Despite the notice, Emeka Agim failed to make any additional payments.

"In Texas, the essential elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (internal quotation marks, brackets, and citation omitted). Plaintiffs' breach of contract claim fails because there is no summary judgment evidence that (i) Emeka Agim performed his contractual obligations (element 2); (ii) Defendants breached any contractual obligations (element 3); and (iii) Plaintiffs were damaged as a result of any purported breach of contract

4

(element 4). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (holding that summary judgment is proper against a party who has failed to demonstrate the existence of a genuine issue of material fact on an element of the case for which that party bears the burden of proof). For these multiple reasons, I recommend that summary judgment be granted for Defendants on Plaintiffs' breach of contract claim.

**B.    PLAINTIFFS' SPECIFIC PERFORMANCE FOR AN ACCOUNTING CLAIM**

In their live pleading, Plaintiffs assert that they have a contractual right to require Defendants to present an accounting regarding all payments made on the loan. The problem with this position, as pointed out by Defendants, is that Plaintiffs cannot direct me to any "contractual provision in their Complaint that requires an accounting, nor do they allege any facts or provide evidence that could give rise to a legal right to an accounting by Defendants." Dkt. 19 at 9. I have carefully reviewed the Note and Deed of Trust, the operative documents at issue in this lawsuit, and can find no contractual right for Plaintiffs to demand some sort of accounting from Defendants.

It has long been the law that a non-movant who bears the burden of proof at trial on an issue must produce sufficient summary judgment evidence to sustain a finding in its favor on the issue. *See Kovacic v. Villareal*, 628 F.3d 209, 212 (5th Cir. 2010) (stating that where "a defendant moves for summary judgment and correctly points to an absence of evidence to support the plaintiff's claim on an issue as to which plaintiff would bear the burden of proof at trial, then summary judgment should be granted for the defendant unless the plaintiff produces summary judgment evidence sufficient to sustain a finding in plaintiff's favor on that issue"). Plaintiffs bear the burden of proof on their accounting

5

claim. By not responding to the Motion for Summary Judgment, Plaintiffs have failed to satisfy their burden of pointing to evidence in support of such a claim. It logically follows that Defendants are entitled to summary judgment on Plaintiffs' accounting claim.

### C. TRUSTEE'S COUNTERCLAIM FOR AN ORDER AUTHORIZING FORECLOSURE AND A DECLARATION OF RIGHT TO FORECLOSE ON THE PROPERTY

Defendants also seek summary judgment on Trustee's counterclaim for foreclosure. More specifically, Trustee seeks a judgment authorizing foreclosure of its first lien on the Property and a declaration stating that it may conduct a non-judicial foreclosure sale of the Property pursuant to the terms and conditions of the Deed of Trust and in accordance with the Texas Property Code § 51.002 and Texas Constitution Article XVI § 50(a)(6).

"To foreclose under a security instrument in Texas with a power of sale, the lender must demonstrate that: (1) a debt exists; (2) the debt is secured by a lien created under Art. 16, § 50(a)(6) of the Texas Constitution; (3) plaintiffs are in default under the note and security instrument; and (4) plaintiffs received notice of default and acceleration." *Huston v. U.S. Bank Nat. Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013). Trustee has done this, providing competent summary judgment evidence on each of these required elements. Meanwhile, Plaintiffs have failed to offer any summary judgment evidence at all to rebut Trustee's evidence and create a fact issue. I, therefore, hold that Trustee is entitled to summary judgment on its counterclaim and recommend that the district court enter an order allowing Trustee to foreclose under the Deed of Trust and in accordance with Texas Property Code § 51.002 and Texas Constitution Article XVI § 50(a)(6).

## CONCLUSION

For the reasons explained above, I recommend that the Motion for Summary Judgment (Dkt. 19) be **GRANTED**.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED in Houston, Texas, this 1st day of June, 2020.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE